DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

### DURING THE YEAR 1905.

---

## Agnes Marshall Wilson, et al., v. Katie Rehm, et al.

### Gen. No. 11,656.

1. CONSTRUCTIVE MORTGAGE — *what is.* A deed absolute in form, but given merely for purposes of security, is in equity a constructive mortgage.

2. CONSTRUCTIVE MORTGAGE—*obligation of mortgagee upon collection of.* Where one receiving an absolute conveyance of land by way of security from another, who, himself, had received his conveyance thereof upon like terms, sells the real estate and is paid his debt, as to any surplus he becomes a trustee for the respective grantors of such land as their interests may appear.

3. PERSONAL ESTATE—*what is, upon death of owner.* The interest of a mortgagee in land is personal estate which, upon his death, passes to his estate as personal property.

Bill for accounting. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed January 5, 1905.

Statement by the Court. Katie Rehm, the widow of Thomas J. Marshall, filed a bill against John T. Pirie and others for an accounting upon the following facts, which are undisputed:

November 26, 1894, James Taylor was indebted to Thomas J. Marshall in the sum of $2,200 for moneys lent, and to secure the payment of said money, Taylor, with his wife, made and delivered to Marshall a warranty deed,

(473)

absolute in form, bearing date the 26th day of November, 1894, conveying to Marshall certain premises described in said bill, containing 1,484 acres situate in the State of South Dakota.

Prior to and during 1895 said Marshall, then the husband of complainant below, was engaged in the dry goods and notions business in the city of Chicago, having two stores, one on West Madison street and the other on Van Buren street. In the conduct of his business said Marshall became indebted to Carson, Pirie, Scott & Co., and to secure that indebtedness he, with his wife, made and delivered to George Scott, a member of that firm, and for the use of the firm, a warranty deed, dated January 5, 1895, conveying the same premises. This deed, though absolute in form, was in reality a mortgage to secure the indebtedness of Marshall to the firm. On the 7th day of May, 1896, the said Marshall died intestate. Letters of administration were granted by the Probate Court of Cook county to complainant, who continued the business theretofore conducted by her husband. Claims were presented against the estate of Marshall to the amount of $22,056.35, including a claim of $8,810.81 in favor of the firm of Carson, Pirie, Scott & Company, all which claims were paid in due course of administration, although the business was practically insolvent at the time of Mr. Marshall's death, and if the assets had been forced upon the market there would not have been enough property to pay the debts; no mention was made in the Probate Court of the lands in South Dakota, or of the indebtedness from Taylor to Marshall. The complainant managed the business and put in about $500 of her own money, which she had at the time of Marshall's death, and $2,000 of life insurance which was payable to her.

The final account signed by the said complainant in the Probate Court showed that the administratrix charged herself with personal property in the two stores mentioned in the inventory therein, $21,735.88; to cash in bank $127.70; that the said administratrix credited herself with the sum of $21,863.58 for payment of sundry debts, and charged herself with the sum of $192.77 to cash advanced by the

administratrix to balance account; that in the said final report the said administratrix waived her claim for widow's award, $2,010, and all claim as against the estate for the said sum of $192.77 so advanced by herself, and took the remaining personal property in the stores, which was worth $700 or $800. No part of the lands was required or used for the payment of the indebtedness of Marshall, or of the Marshall estate, to the firm of Carson, Pirie, Scott & Company.

Under the laws of South Dakota the lands of an intestate who dies leaving a widow and no children descend as follows: one-half to the widow and one-half to the father, if living. The said Thomas J. Marshall left him surviving the complainant, his widow, but no children, and his father, John Marshall, his mother having previously died, and the said John Marshall afterward died leaving the following children, the plaintiffs in error: Robert Marshall, John Marshall, Agnes Marshall Wilson, Samuel Marshall, Mary Marshall Todd, and William Marshall, and none other, and no descendants of a deceased child, and under the laws of South Dakota such title, if any, as John Marshall, the father, took in said premises descended to and vested in said six children as his only heirs at law. The estate in the Probate Court of Cook county was settled on the 28th day of July, 1898, and the administratrix discharged.

After the death of Marshall, and the payment of the debt to Carson, Pirie, Scott & Company, the said firm sold the Dakota lands and the said George Scott made a deed of conveyance in pursuance of such sale to the purchaser thereof, and the firm received the purchase money to an extent more than sufficient to pay the debt from Taylor to Marshall, but never reported the same to complainant.

The laws of South Dakota provide that all actions upon contracts, obligations or liabilities, express or implied, shall be commenced within six years next after the cause of action accrued.

The bill prays, among other things, that said firm be required to account for the value of said real estate, less reasonable costs, etc.; that the firm may be directed to pay

the said amount to her free from any claim by her or on behalf of the other heirs of said Thomas J. Marshall, and for general relief.

Plaintiffs in error, the heirs of John Marshall, Sr., filed an answer denying the conclusions stated in the bill, and asserting that as such heirs they are entitled to one-half of the proceeds arising from the sale of such lands in the hands of said firm.

An answer was filed by Carson, Pirie, Scott & Co., which consists of a general denial and a demand for strict proof of the material allegations of the bill.

A cross-bill was filed by the heirs of John Marshall, Sr., against complainant and the members of said firm, setting up many of the facts hereinbefore stated, claiming a one-half interest in said lands, and asserting that said firm should be held to account to the heirs of said Thomas J. Marshall for the entire value thereof, etc., etc.

The court found that the equities were with complainant, that the deed from Taylor to Marshall was in fact a mortgage to secure the sum of $2,200, that it was personal property and descended wholly to the widow of said Marshall, the complainant, and that the defendants, the brothers and sisters of said Thomas J. Marshall, had no right, title, interest or claim therein or thereto; that the deed from Marshall to Scott was in fact a mortgage to secure indebtedness of Marshall to that firm; that all such indebtedness was paid by complainant to said firm, and that the lands were sold for more than enough to pay the indebtedness which Taylor was owing to said Marshall at the time of his death, with interest thereon from the time said firm received said money, and it was ordered that said firm pay to complainant within five days the sum of $2,500 in full payment, satisfaction and discharge of any and all claim by complainant, or of the defendants, the brothers and sisters of said Marshall, in and to said lands, and that said cross-bill be dismissed for want of equity.

From the entry of this decree the present appeal was perfected.

Wilson v. Rehm.

MUSGRAVE, VROMAN & LEE, for plaintiffs in error.

KERR & KERR, ZACH HOFHEIMER and JESSE A. and HENRY R. BALDWIN, for defendants in error.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

By the admitted facts, November 26, 1894, James Taylor owed Thomas J. Marshall $2,200, and to secure the payment of this debt Taylor on that day deeded the lands in question to Marshall. Afterwards Marshall, to secure a debt he owed to the firm of Carson, Pirie, Scott & Co., deeded the same lands to George Scott. In equity each of these deeds, though absolute in form, was a mortgage. July 12, 1898, Scott sold these lands and paid the moneys received therefor to said firm. May 7, 1896, Marshall died intestate, without issue, leaving the complainant below, his widow. She became the administratrix of his estate and, before July 28, 1898, when the estate was settled, paid out of that estate and out of her own moneys the debt due from Marshall to said firm. When this debt was paid the title of Scott, the equitable mortgagee, ceased, and the case stood as if there had been a formal reconveyance from Scott to Marshall, or, to phrase it differently, said firm thereafter held the proceeds of said lands as a naked trust for the benefit primarily of the person or persons who at and because of Marshall's death became entitled thereto as his representative or representatives, and the remainder, if any, was held by said firm for the benefit of Taylor.

Taylor is not before the court. He is not here asking said firm to account to him for such remaining moneys. The decree provides for the payment of $2,500 to complainant below by said firm. If she is entitled to the whole of the indebtedness from Taylor to Marshall, it is admitted that this amount is correct. The court will not do a useless thing. Hence, in the event that the interest of Marshall in these lands was personal property, the court did not err in failing to compel an accounting in this suit to ascertain the amount received by said firm from the sale of the lands in question.

It is provided in the third clause of section 1, chapter 39, Revised Statutes, " Descent," that where one dies leaving a widow surviving and no child or children or descendants of a child or children (after payment of all just debts) one-half of the real estate and the whole of the personal estate shall descend to such widow. It is the settled law of this state that the interest of a mortgagee in lands is personal estate, and it passes by his will, or, upon his death intestate, as personal property. Lightcap v. Bradley, 186 Ill. 510, 520, and authorities cited. It follows, under the facts of this case, that the entire interest Marshall had at the time of his death in the Taylor lands passed to the complainant below, and that plaintiffs in error had and have no title thereto or equity therein.

The decree, finding that this fund to the amount of $2,500 belongs to Mrs. Rehm, that the brothers and sisters of Marshall have no interest therein, and that the cross-bill be dismissed for want of equity, is correct.

We therefore affirm the decree of the Superior Court.

*Affirmed.*